On petition to review ballot title filed September 21, considered and under advisement on December 2, ballot title referred to Attorney General for modification December 24, 2009, modified ballot title certified January 20, 2010 (347 Or 535)

Jerry CARUTHERS
and Gail Rasmussen,
*Petitioners,*

*v.*

John R. KROGER,
Attorney General,
State of Oregon,
*Respondent.*

(S057803 (Control))

Claire SYRETT
and David Fidanque,
*Petitioners,*

*v.*

John R. KROGER,
Attorney General,
State of Oregon,
*Respondent.*

(S057815)
(Cases Consolidated)

222 P3d 706

Thomas K. Doyle, Bennett, Hartman, Morris & Kaplan, LLP, Portland, filed the petition and the reply memorandum for petitioners Jerry Caruthers and Gail Rasmussen.

David J. Elkanich, Hinshaw & Culbertson LLP, Portland, filed the petition and the reply memorandum for petitioners Claire Syrett and David Fidanque. With him on the reply memorandum was Calon Russell.

Christina M. Hutchins, Senior Assistant Attorney General, Salem, filed the answering memorandum for respondent. With her on the answering memorandum were John R. Kroger, Attorney General, and Jerome Lidz, Solicitor General.

BALMER, J.

**BALMER, J.**

These two ballot title proceedings, which we consolidated for opinion and disposition, seek review of the Attorney General's certified ballot title for Initiative Petition 52 (2010). *See* ORS 250.085(2) (specifying requirements for seeking review of certified ballot title). This court reviews the certified ballot title to determine whether it substantially complies with ORS 250.035(2). *See* ORS 250.085(5) (stating standard of review). For the reasons explained below, we refer the ballot title to the Attorney General for modification.

Initiative Petition 52, if enacted, would amend Oregon law in two different respects. First, it would provide that neither the state, nor any political subdivision of the state, may adopt a statute, regulation, or order that would "prohibit or limit any public official or public employee from cooperating with federal agencies or officials in the enforcement of federal immigration law." Second, it would direct state election officials to "require satisfactory evidence of United States citizenship from any applicant who is registering to vote for the first time as an Oregon voter" and would specify the documents that would constitute such evidence of citizenship.

The Attorney General certified the following ballot title for Initiative Petition 52:

"**Allows state/local cooperation with immigration enforcement; requires certain documentation of citizenship for voter registration**

"**Result of 'Yes' Vote:** 'Yes' vote allows state/local cooperation and resources for immigration enforcement; voter registration requires documentation of citizenship: driver license; birth certificate; passport; naturalization documents; other.

"**Result of 'No' Vote:** 'No' vote retains current state/local limits on cooperation and resources to enforce federal immigration laws; voter registration requirements: indication of citizenship; attestation of qualifications.

"**Summary:** Current law prohibits expenditure of state/local law enforcement resources solely to enforce federal immigration laws; allows only United States citizens to

vote, and requires Oregon voter registrants to attest to, but not to document, voter qualifications. Measure prohibits laws limiting government officials'/employees' cooperation with federal officials enforcing immigration law; requires first-time Oregon voter registrant to provide proof of citizenship consisting of any one of the following: an Oregon driver license/non-operating identification license issued after October 1, 1996 or from another state indicating that the person has provided proof of citizenship; birth certificate; United States passport; naturalization documents or confirmed number of naturalization certificate; other documents or method of proof established under federal immigration law; specified types of proof of tribal membership."

The Caruthers petitioners and the Syrett petitioners are electors who timely submitted written comments to the Secretary of State concerning the content of the Attorney General's draft ballot title and who therefore are entitled to seek review of the resulting certified ballot title in this court. *See* ORS 250.085(2) (stating that requirement). Both sets of petitioners challenge the caption, the "yes" and "no" vote result statements, and the summary on various grounds. Certain of petitioners' objections relate to the ballot title's description of the "cooperation" provision of Initiative Petition 52, while others relate to the "voter registration" provision of the measure. We reject without discussion petitioners' objections that relate to the voter registration provisions of the proposed measure and turn to petitioners' arguments challenging the ballot title's description of the "cooperation" provision.

As background, we briefly describe current law with respect to the "cooperation" of state and local governments with federal immigration enforcement. The only statute that now addresses that subject specifically is ORS 181.850, which provides, in part, that no state or local "law enforcement" agency may use agency resources "for the purpose of detecting or apprehending persons whose only violation of law is that they are persons of foreign citizenship present in the United States in violation of federal immigration laws." ORS 181.850(1). Other provisions of ORS 181.850 permit state and local law enforcement agencies, notwithstanding ORS 181.850(1), to exchange information with federal

authorities regarding the immigration status of arrested persons and to arrest persons for violation of federal immigration laws if an arrest warrant has been issued by a federal magistrate. *See* ORS 181.850(2), (3) (so providing). No other Oregon statutes appear to address the "cooperation" of Oregon state or local government agencies with federal immigration enforcement. We return to petitioners' challenges to the certified ballot title.

■ A ballot title must contain a caption "that reasonably identifies the subject matter" of the proposed measure. ORS 250.035(2)(a). Petitioners argue that several aspects of the caption are inaccurate or misleading and that the caption thus fails to substantially comply with the statutory requirement. We agree with one of those arguments. Specifically, both sets of petitioners argue that the caption, which states that the proposed measure "[a]lllows state/local cooperation with immigration enforcement," is inaccurate, because the measure "does not 'allow' anything," but rather prohibits any formal government action that would limit public employees from "cooperating" with federal immigration enforcement. Moreover, they assert, the caption incorrectly implies that state or local cooperation with federal immigration enforcement is not currently allowed. They point out that, although ORS 181.850 places some restrictions on the use of state resources to enforce federal immigration laws, those restrictions apply only to state and local "law enforcement" agencies and only to the use of resources to "detect[ ] or apprehend[ ]" individuals solely because they are in violation of federal immigration law. In fact, petitioners argue, state and local agencies, including law enforcement agencies, currently are permitted to and, in some circumstances, do "cooperate" with federal immigration enforcement.

The Attorney General responds that, although the "cooperation" provision of the proposed measure is phrased as a prohibition, the "net effect" of the measure would be to "allow[ ]" public officials and public employees to cooperate with federal immigration enforcement. The Attorney General notes that the measure would lift existing restrictions on cooperation—such as ORS 181.850—thus "allowing" such cooperation, but would not affirmatively require cooperation. For that reason, he argues, the caption is not confusing or inaccurate.

Initiative Petition 52 uses a double negative—
"[n]o statute, regulation or order * * * shall prohibit * * *"
—because it seeks to prevent certain kinds of formal govern-
ment actions or policies. Rather than using an admittedly
awkward double negative in the caption—such as "prohibits
limitations" or "bans restrictions"—the Attorney General
chose to describe the subject of the measure using the per-
missive term "allows." However, the measure does not pur-
port to "allow" anything, including cooperation between state
and federal officials regarding immigration enforcement—
and, in fact, such cooperation is not a necessary outcome of
the proposed measure. Instead, the proposed measure pro-
hibits certain kinds of laws. And that is all that it does. More
importantly, use of the term "allows" in this context suggests,
inaccurately, that cooperation is not allowed now and also
implies that, were the measure to pass, state and local gov-
ernments *would* cooperate with federal immigration enforce-
ment. We thus agree with petitioners that the caption does
not accurately identify the subject matter of the measure.
The caption must be modified to reflect what the measure
would do, which is to bar state and local laws that prohibit
public employees from cooperating in federal immigration
enforcement.

Petitioners also challenge the "yes" and "no" vote
result statement on various grounds. For the reasons set out
above with respect to the caption, we agree with petitioners
that the "yes" vote result statement does not adequately
describe the "result if the state measure is approved," ORS
250.035(2)(b), because the word "allows" inaccurately sug-
gests that state and local public employees presently are not
permitted to and do not cooperate with federal immigration
enforcement and that, if the measure passes, they suddenly
will be free to engage in such cooperation. Petitioners' other
challenges to the "yes" vote result statement and their chal-
lenges to the "no" vote result statement are not well taken.

■    Petitioners raise the same arguments with respect to
the summary that they raise regarding the other parts of the
ballot title, as well as raising other objections. The
Attorney General's certified summary, however, does not suf-
fer from the defects that we have discussed above. The sum-
mary does not use the term "allows" to describe the effect of
the measure, but instead states that the measure "prohibits

laws limiting government officials'/employees' cooperation with federal officials enforcing immigration law." That is an accurate description of the measure. Petitioners have not demonstrated that the summary, either with respect to the "cooperation" provision of the measure or in any other way, fails to substantially comply with the statutory requirement that it provide an accurate, concise, and impartial summary of the "measure and its major effect." *See* ORS 250.035(2)(d) (stating requirements for ballot title summary).

The ballot title is referred to the Attorney General for modification.